No. 87-23

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

ALFRED VERNON OWENS,

Defendant and Appellant.

---

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable C. B. Sande, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Alfred Vernon Owens, pro se, Deer Lodge, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Clay R. Smith, Asst. Atty. General, Helena
Harold Hanser, County Attorney, Billings, Montana

---

Submitted on Briefs:  Sept. 25, 1987

Decided:  January 15, 1988

Filed: JAN 1 5 1988

*Ethel M. Harrison*

Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Appellant appeals from an order of the District Court, Thirteenth Judicial District, Yellowstone County, designating appellant a dangerous offender pursuant to § 46-18-404, MCA. We affirm.

Appellant brings two issues on appeal.

1. Did the District Court have jurisdiction to render a dangerous offender designation on a judgment and sentence imposed and executed 106 months earlier?

2. Did the District Court subject the appellant to double jeopardy by increasing his sentence with a dangerous offender designation?

On November 27 and 28, 1977, the defendant was involved in the robbery homicide of a man in Yellowstone County. The defendant's brother robbed the deceased in the presence of the defendant in his motel in Laurel. The defendant then drove the deceased and defendant's brother to an isolated area where the deceased was shot twice by the defendant's brother. Both brothers returned to Laurel and removed several items from the deceased's car.

Appellant-defendant Owens was convicted of mitigated deliberate homicide and robbery and was sentenced to 40 years imprisonment on each count to run concurrently. The order dated June 15, 1978 did not designate him either as a nondangerous or dangerous offender. On January 16, 1987, the appellant initiated a habeas corpus proceeding in which he challenged Warden Henry Risley's treatment of him as a dangerous offender for parole purposes. The petition was initially dismissed on procedural grounds but upon reconsideration this Court remanded the matter to the

sentencing court for findings and clarification of the dangerous designation. After a hearing, the District Court ordered that appellant be designated a dangerous offender and filed findings of fact and conclusions of law to that effect. This was deemed an order nunc pro tunc by this Court. From this order the appellant appeals.

Appellant contends that the District Court lacked proper jurisdiction to designate the appellant as dangerous nearly 10 years after he had been sentenced. He argues that the designation augments his valid 1978 sentence and that, in any event, the court had no power to modify it after the final judgment had been filed. See Wilkinson v. State (Mont. 1983), 667 P.2d 413, 414, 40 St.Rep. 1239, 1241; State v. Porter (1964), 143 Mont. 528, 540, 391 P.2d 704, 711.

Although appellant correctly states the law, it does not apply in a case where the Supreme Court has remanded a matter to a district court for clarification. In each of the cases cited by appellant the court had attempted to modify a judgment sua sponte after it had been filed. This is not the case here. A district court must follow the appellate court's mandate on remand. State, Etc. v. Dist. Ct. of Nineteenth, Etc. (1979), 184 Mont. 346, 349, 602 P.2d 1002, 1004; In Re Stoian's Estate (1960), 138 Mont. 384, 390, 357 P.2d 41, 45. On remand the court has only so much jurisdiction as it is given by mandate of the appellate court. By remanding to the District Court, this Court held that the District Court had jurisdiction to act in this matter. In Re Stoian's Estate, 357 P.2d at 47.

The appellant argues next that his sentence did not include or imply a designation of dangerous and therefore he should be treated as nondangerous. Thus any attempt by Warden Risley to treat him otherwise is in effect lengthening his sentence. A court order now designating him as dangerous

augments his prior valid sentence constituting double jeopardy. The State, on the other hand, argues that his sentence, by its silence, gives a presumption of the dangerous designation so no double jeopardy is implicated by the District Court's clarification.

Double jeopardy can occur when a defendant's punishment is increased after a valid sentence is imposed. United States v. Best (9th Cir. 1978), 571 F.2d 484, 486; Borum v. United States (D.C. Cir. 1967), 409 F.2d 433, 440.

We hold, however, that no double jeopardy occurred in the appellant's case because the District Court simply clarified its earlier sentence to conform with what it originally intended.

It is inherent in the District Court's power to correct clerical errors in its own judgments in order to make the record speak the truth as to what was actually decided. Dahlman v. Dist. Ct., Seventeenth Jud. Dist. (Mont. 1985), 698 P.2d 423, 425, 42 St.Rep. 550, 553. The error must be apparent on the face of the record to insure that the correction does not in effect set aside a judgment actually rendered nor change what was originally intended. State ex rel. Kruletz v. District Court (1940), 110 Mont. 36, 40, 98 P.2d 883, 885.

It is clear from this Court's review of the record that the District Court intended to designate the defendant as dangerous. The statute applicable to this case is § 46-18-404(1), MCA (1978), which read as follows:

> (1) The sentencing court shall designate an offender a nondangerous offender for purposes of eligibility for parole under Part 2 of Chapter 23 if:
>
> (a) during the 5 years preceding the commission of the offense for which the offender is being sentenced, the offender was neither convicted of

- 4 -

nor incarcerated for an offense committed in this state or any other jurisdiction for which a sentence to a term of imprisonment in excess of 1 year could have been imposed; or

(b) the court has determined, based on any presentence report and the evidence presented at the trial and the sentencing hearing, that the offender does not represent a substantial danger to other persons or society.

The presentence report shows that the defendant had been convicted of felony burglary in Oregon within the last five years preceding the homicide and had several other convictions including one for statutory rape in Texas and one for lust under 14 years in California.

That the sentencing court contemplated a dangerous offender designation is evident from the following exchange which took place at the sentencing:

MR. HANSER:  Your Honor, does the Court want a specific finding that the defendant is a dangerous offender?

THE COURT:  Yes.  I think that follows in the statute.

MR. HANSER:  I believe it does, Your Honor.

THE COURT:  But you can do that if you want to.

Through error or oversight such a designation was omitted from the written judgment.  The District Court held a hearing to enable it to clarify its earlier judgment.  It entered findings of fact and conclusions of law to the effect that the defendant was not entitled to a nondangerous designation and deemed him dangerous for purposes of parole. These findings are well supported by the record.

This Court does not attempt to pass upon the validity of the appellant's argument that no designation under the former

statute creates a presumption of nondangerousness.  It is unnecessary to address this issue because of the District Court's nunc pro tunc order.

Accordingly, we affirm the District Court.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

- 6 -