No. 97-025

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 74

STATE OF MONTANA,

Plaintiff and Respondent,

v.

JEFFREY DEAN WINTERROWD,

Defendant and Appellant.

APPEAL FROM:   District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Kenneth Neill, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

William Hooks, Appellate Defender, Helena, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General; Jennifer Anders,
Assistant Attorney General, Helena, Montana

Brant Light, Cascade County Attorney, Great Falls, Montana

Submitted on Briefs: March 12, 1998

Decided:   April 7, 1998
Filed:

_____
Clerk
Justice W. William Leaphart delivered the Opinion of the Court.

¶1    Appellant Jeffrey Dean Winterrowd (Winterrowd) appeals from the order of the
Montana Eighth Judicial District Court, Cascade County, requiring him to pay the costs of
jury selection and prosecution and the order nunc pro tunc sentencing him to six months
imprisonment for his misdemeanor theft conviction.  We reverse and vacate the orders of the
District Court.
Appellant raises the following issues:

¶2    1. Did the District Court err in ordering Winterrowd to pay the costs of jury selection
and prosecution?

¶3    2. Did the District Court err in sentencing Winterrowd on a misdemeanor theft
conviction by an order nunc pro tunc?

Factual and Procedural Background

¶4    In February 1995, Winterrowd was charged by information with felony burglary and
misdemeanor theft.  After determining that Winterrowd was indigent, the District Court
appointed counsel from the public defender's office to represent him.  In August 1995, the
public defender moved to withdraw, stating that he had been informed that Winterrowd had
received a $10,000 settlement from the Social Security Administration and was no longer
indigent.  Winterrowd's counsel stated that the public defender's office would not reassign
counsel.  No hearing was held, and the District Court granted the motion.

¶5    The District Court continued the trial from December 13, 1995 to February 28, 1996
to give Winterrowd the opportunity to retain counsel.  On February 20, 1996, Winterrowd
asked the court to continue the trial because he had not been able to retain counsel.  He stated
that he had not yet received his Social Security settlement but expected to receive it on or
about March 11.  The State opposed this motion, arguing that Winterrowd had not
demonstrated due diligence and that his claim that he would receive the settlement on March
11 was unsupported by documentation.

¶6    The District Court never ruled on Winterrowd's motion.  At the start of trial on
February 28, Winterrowd again moved the District Court to continue, and the court denied
the motion.  The trial proceeded through voir dire, but, following a break, the court granted
Winterrowd's motion to continue and excused the jurors.  The District Court ordered

Winterrowd to pay the costs incurred in summoning jurors and in prosecuting him.

¶7   Winterrowd obtained counsel, who filed a notice of appearance on March 12 and moved the court to reconsider its order requiring Winterrowd to pay costs.  The court denied the motion, and the case proceeded to trial on August 27, 1996.  A jury found Winterrowd guilty of burglary and theft.  The District Court sentenced Winterrowd to ten years in the Montana State Prison on the felony burglary conviction.  The court did not sentence him on the misdemeanor theft conviction.

¶8   On October 17, 1996, Winterrowd filed a pro se notice of appeal with this Court.  On December 30, 1996, the District Court issued an order nunc pro tunc, noting that it had failed to impose sentence on the misdemeanor theft conviction and sentencing Winterrowd to six months, suspended, to be served concurrently with the sentence for burglary.  Winterrowd, now represented by an appellate public defender, appeals from the orders of the District Court.

                    Discussion

¶9   1. Did the District Court err in ordering Winterrowd to pay the costs of jury selection and prosecution?

¶10   We review a district court's discretionary rulings in criminal cases for abuse of discretion.  State v. Sullivan (1994), 266 Mont. 313, 880 P.2d 829.  The State and Winterrowd agree that the District Court abused its discretion by ordering Winterrowd to pay the costs of jury selection and prosecution.  We also agree.

¶11   The District Court granted the public defender's motion to withdraw based on an unsupported claim that Winterrowd had received a settlement from the Social Security Administration and refused Winterrowd's request for a continuance.  Winterrowd informed the court that he was unable to retain new counsel until he received his settlement on March 11 and, in fact, did retain counsel on March 12.  The District Court continued the February 28 trial only after requiring Winterrowd to proceeded pro se through voir dire and then assessed to him the costs of jury selection and prosecution.  We hold that the District Court erred in ordering Winterrowd to pay costs, and we vacate the court's order.

¶12  2. Did the District Court err in sentencing Winterrowd on a misdemeanor theft conviction by an order nunc pro tunc?

¶13  In this case, the District Court failed to sentence Winterrowd on his misdemeanor theft conviction, in either open court or the written judgment.  Four months later, the District Court issued an order nunc pro tunc sentencing Winterrowd to six months imprisonment, the maximum sentence for misdemeanor theft, to run concurrently with his sentence on the burglary conviction.

¶14  It is within a district court's power to enter an order nunc pro tunc modifying or amending a judgment to remedy certain types of clerical errors.  State ex rel. Kruletz v. District Court (1940), 110 Mont. 36, 98 P.2d 883.  However, the purpose of such an order is to make the record reflect what was actually decided.  Dahlman v. District Court (1985), 215 Mont. 470, 698 P.2d 423.  Therefore, the error "must be apparent on the face of the record to insure that the correction does not in effect set aside a judgment actually rendered nor change what was originally intended."  State v. Owens (1988), 230 Mont. 135, 138, 748 P.2d 473, 474 (citing Kruletz, 98 P.2d at 885).

¶15  The State contends that it was clear from the proceedings that the District Court intended to sentence Winterrowd to six months on the theft conviction, analogizing this case to Owens, 748 P.2d at 473.  In Owens, the sentencing court failed to designate the defendant as a dangerous offender in the written sentencing order, but made a specific finding on the record in open court that the defendant was a dangerous offender.  Owens, 748 P.2d at 474-75.  Subsequently, in what was deemed a nunc pro tunc order by this Court, the court amended the sentence to include this designation.  Owens, 748 P.2d at 474.  We held that "[i]t is clear from this Court's review of the record that the District Court intended to designate the defendant as dangerous" and upheld the district court's order.  Owens, 748 P.2d at 475.

¶16  By contrast, in this case, not only was the sentence on the theft conviction omitted from the written sentencing order, but neither the District Court nor the parties

ever

discussed it at the sentencing hearing.  The State contends that Winterrowd should have

known the maximum term to which he could be sentenced and that "it is customary for the

sentencing court to impose a six-month concurrent sentence on a misdemeanor offense

whenever a prison term is imposed on a felony." The State argues that, therefore, "it should

be no surprise" to Winterrowd that the District Court sentenced him to six months. Contrary

to the State's assertion, there is nothing in the record that suggests what sentence the court

intended to impose, and we shudder at the suggestion that a criminal defendant should expect

a maximum sentence as "customary."

¶17  We hold that it was an abuse of discretion for the District Court to attempt to correct,

by nunc pro tunc order, its failure to sentence Winterrowd on the misdemeanor theft conviction.

¶18  Therefore, we reverse and vacate the court's December 30, 1996 order and sentence.

/S/   W. WILLIAM LEAPHART


We concur:

/S/   J. A.  TURNAGE
/S/   WILLIAM E. HUNT, SR.
/S/   JIM REGNIER
/S/   TERRY N. TRIEWEILER