No. 98-338

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 156

295 Mont. 100

983 P.2d 909

STATE OF MONTANA,

Plaintiff and Respondent,

v.

CURTIS JEROME CHRISTIANSON,

Defendant and Appellant.

APPEAL FROM: District Court of the First Judicial District,

In and for the County of Lewis and Clark,

The Honorable Jeffrey M. Sherlock, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Edmund F. Sheehy, Jr., Helena, Montana

For Respondent:

Joseph P. Mazurek, Attorney General, John Paulson, Assistant Attorney General, Helena, Montana; Mike McGrath, Lewis and Clark County Attorney, Helena, Montana

Submitted on Briefs: November 12, 1998

Decided: July 1, 1999

Filed:

_____

Clerk


Justice William E. Hunt, Sr. delivered the Opinion of the Court.


**¶1. Curtis Jerome Christianson appeals from the amended judgment and sentence entered by the District Court. He contends that the District Court's restriction on his parole eligibility was unlawful. We affirm.**

**¶2. The issue raised on appeal is whether the District Court's restriction of Christianson's parole eligibility complied with § 46-18-115(6), MCA, and § 46-18-202 (2), MCA. To resolve this issue, we address three sub-issues:**

**¶3. 1. Did the District Court violate § 46-18-115(6), MCA, by failing to state in open court its reasons for restricting Christianson's parole eligibility?**

**¶4. 2. Was the District Court authorized to issue an order amending the written judgment to list its reasons for imposing the parole eligibility restriction, in compliance with § 46-18-115(6), MCA, and § 46-18-202(2), MCA?**

**¶5. 3. Did the District Court impose the parole eligibility restriction for insufficient reasons, and thus abuse its discretion?**


## FACTUAL AND PROCEDURAL BACKGROUND

**¶6. On the morning of September 6, 1996, Christianson was drinking beer and playing video games in his living room. His three-year-old daughter, Taylor Nicole**

Salley, was running and playing in the house. Taylor ran in front of Christianson, spilled his beer and accidentally unplugged the power cord on Christianson's game machine. Christianson became angry and struck her in the stomach with a backhanded blow. He hit Taylor with such force that she was knocked unconscious. When she regained consciousness, she complained of stomach pains. Christianson failed to seek medical attention, even though Taylor continued to get sicker throughout the day.

¶7. At about 9:00 p.m. that evening, Taylor began coughing up a dark colored mucous. Only then did Christianson contact emergency services. By the time help arrived, Taylor was unconscious, and upon her arrival at the hospital, she was pronounced dead. An autopsy revealed that Taylor died as the result of sepsis due to the transection of her bowel. Christianson's blow, in conjunction with damage done on previous occasions when he hit her, had severed Taylor's intestine and caused her death.

¶8. Christianson was charged by information with deliberate homicide. He subsequently pleaded guilty to an amended charge of mitigated deliberate homicide. After a sentencing hearing held on October 9, 1997, the District Court sentenced Christianson to a prison term of 40 years, with 10 years suspended. It further designated that Christianson be ineligible for parole. The District Court filed its written judgment and commitment that same day. However, the document failed to set forth the court's reasons for restricting Christianson's parole eligibility.

¶9. Christianson did not appeal the judgment and commitment, but thereafter he filed an application for sentence review with the Sentence Review Division of this Court. The Division remanded the case to the District Court with instructions that it include in its judgment the reasons it declared Christianson ineligible for parole or participation in a supervised release program pursuant to § 46-18-202(2), MCA.

¶10. In compliance with the Division's directive, the District Court entered an order on March 19, 1998, amending its prior judgment and commitment and setting forth its reasons for ordering that Christianson be ineligible for parole. Christianson filed his notice of appeal on May 12, 1998.

## STATEMENT OF JURISDICTION

¶11. As a preliminary matter, we deem it necessary to set forth the basis of jurisdiction for entertaining this appeal. As stated earlier, the District Court orally pronounced Christianson's sentence and entered the written judgment on October 9, 1997. After remand from the Sentence Review Division, it entered its order amending the judgment on March 19, 1998. Christianson filed his notice of appeal on May 12, 1998.

¶12. Rule 5(b), M.R.App.P., provides that an appeal from a judgment must be taken within 60 days. This Court has no jurisdiction to entertain an appeal filed more than 60 days after judgment. State v. Rice (1996), 275 Mont. 81, 83, 910 P.2d 245, 246 (citation omitted). Because Christianson did not file his notice of appeal within 60 days of the October 9th judgment, an appeal from that judgment is not timely, and the Court has no jurisdiction to hear it.

¶13. However, a criminal defendant is also entitled to appeal from "orders after judgment which affect the substantial rights of the defendant." Section 46-20-104, MCA. Christianson filed his notice of appeal on May 12, 1998, which was within 60 days of the issuance of the March 19, 1998 order amending the judgment. This Court thus has jurisdiction to review the District Court's post-judgment order to the extent that it affects Christianson's substantial rights.

## DISCUSSION

¶14. The District Court has the discretion to restrict a criminal defendant's parole eligibility. Section 46-18-202(2), MCA, provides:

Whenever the district court imposes a sentence of imprisonment in the state prison for a term exceeding 1 year, the court may also impose the restriction that the defendant is ineligible for parole and participation in the supervised release program while serving that term. If the restriction is to be imposed, the court shall state the reasons for it in writing. If the court finds that the restriction is necessary for the protection of society, it shall impose the restriction as part of the sentence and the judgment must contain a statement of the reasons for the restriction.

(emphasis added). Additionally, § 46-18-115(6), MCA, provides that "the court shall specifically state all reasons for the sentence, including restrictions . . . in open court on the record and in the written judgment."(emphasis added).

¶15. Christianson asserts that the parole restriction is unlawful for several reasons. First, he contends that the District Court failed to state its reasons for restricting his parole eligibility in the oral pronouncement of sentence and in the original written judgment, in violation of §§ 46-18-202(2) and 115(6), MCA, which renders the restriction invalid. Christianson further contends that the court could not correct that error by amending the written judgment. He next argues that even if the court could correct its error by amending the judgment, the reasons given by the court for restricting his parole eligibility are insufficient. We examine each argument individually.

I.

¶16. Did the District Court violate § 46-18-115(6), MCA, by failing to state in open court its reasons for restricting Christianson's parole eligibility?

¶17. First, Christianson contends that his sentence is unlawful, because the District Court failed to state in open court its reasons for restricting parole eligibility as required by § 46-18-115(6), MCA. However, as this Court has already elaborated, an appeal from the original judgment is untimely because Christianson failed to file a notice of appeal within 60 days. This Court thus has no jurisdiction to entertain his contention.

¶18. Nevertheless, because the reasons articulated by the court at the sentencing hearing are relevant to the determination of other issues properly before the Court, we take the opportunity at this time to comment on the District Court's pronouncement. At the sentencing hearing, the court stated the following:

[Y]ou're here convicted of an unspeakable crime against a victim that was defenseless. A child that should have been able to expect safety in your arms was denied that safety. And what is particularly offensive about this is that this child was apparently repeatedly struck. And which is most offensive is that this little girl took several hours to die what must have been a very painful death without any medical attention by you. That is inexcusable.

Therefore, I will sentence you to 40 years in the Montana State Prison. I will, as [the probation officer] has suggested, suspend 10 of those. And that suspension will be on all

of the conditions set forth in the pre-sentence investigation.

As to the matter of parole, I have received a lot of letters from your family and friends, and you're fortunate to have those people standing with you. They ask that I give you mercy and that I show you compassion. And I feel somewhat as the representative of your now deceased child. I will show you the mercy and compassion that you showed her, as you let her die a painful death, and you will not be eligible for parole during your prison sentence.

**¶19. A review of the District Court's oral statement it its entirety reveals that it imposed the restriction because of the heinous nature of Christianson's crime. The court recounted several horrific features of the crime and found that Christianson let his daughter "die a painful death" without exhibiting any mercy or compassion. In short, it imposed the parole restriction because Christianson's crime was brutal and callous.**

**¶20. Thus, although this Court has no jurisdiction to address whether the District Court violated the statute's mandate that it state its reason for imposing the restriction in open court, we nevertheless note that the court did, in fact, state its reason.**

II.

**¶21. Was the District Court authorized to issue an order amending the written judgment to list its reasons for imposing the parole eligibility restriction, in compliance with § 46-18-115(6), MCA, and § 46-18-202(2), MCA?**

**¶22. Christianson next contends that the District Court violated both § 46-18-115(6) and § 46-18-202(2), MCA, by failing to state its reasons for restricting his parole eligibility in the original written judgment. He further argues that the court lacked authority to correct that error by amending the written judgment after remand from the Sentence Review Division. We reject Christianson's contention.**

¶23. Section 46-18-117, MCA, expressly provides that the District Court may correct a sentence imposed in an illegal manner after remand from an appellate court:

**Correction of sentence.** The court may correct an erroneous sentence or disposition at any time and may correct a sentence imposed in an illegal manner within 120 days after the sentence is imposed or after remand from an appellate court.

Additionally, this Court has similarly held that a district court has the authority to modify a judgment where the Court has remanded the matter for clarification. State v. Owens (1988), 230 Mont. 135, 137, 748 P.2d 473, 474.

¶24. In conducting its review of the sentence, the Sentence Review Division functions as an arm of this Court. Section 46-18-901, MCA. As this Court has stated in other contexts, the Division thus functions as part of the appellate process. Ranta v. State, 1998 MT 95, ¶ 27, 288 Mont. 391, ¶ 27, 958 P.2d 670, ¶ 27. Accordingly, when the Sentence Review Division, acting as an arm of this Court, remanded the matter to the District Court, the District Court had the express statutory authority to correct the sentence which was imposed in an illegal manner.

¶25. Additionally, § 46-18-117, MCA, provides that the court may correct an erroneous sentence at any time. Based upon that statutory provision, it is well-settled that it is within a district court's power to enter an order amending a judgment to remedy certain clerical errors. State v. Winterrowd 1998 MT 74, ¶ 14, 288 Mont. 208, ¶ 14, 957 P.2d 522, ¶ 14 (citation omitted). The purpose of such an order is to make the record reflect what was actually decided. Winterrowd, ¶ 14 (citation omitted). The error "must be apparent on the face of the record to insure that the correction does not in effect set aside a judgment actually rendered nor change what was originally intended." Owens, 230 Mont. at 138, 748 P.2d at 474 (citation omitted). In Owens, for example, the sentencing court had failed to designate the defendant as a dangerous offender in the written order, even though it had made that specific finding in open court. Owens, 230 Mont. at 138, 748 P.2d at 474-75. The court amended the sentence in what was deemed a *nunc pro tunc* order to include this designation. This Court held that a review of the record clearly revealed that "the District Court intended to designate the defendant as dangerous" and thus upheld the district court's order. Owens, 230 Mont. at 138-39, 748 P.2d at 474-75.

¶26. In another case, Lane, the sentencing court orally required that the defendant complete sexual offender treatment before being eligible for parole, but in its written

judgment it incorrectly stated that such treatment was only recommended. State v. Lane, 1998 MT 76, ¶ 9, 288 Mont. 286, ¶ 9, 957 P.2d 9, ¶ 9. A year later, the court entered a *nunc pro tunc* order to correct the error. Lane, ¶ 10. This Court held that where the oral pronouncement of sentence and the written judgment and commitment conflict, the oral pronouncement controls. In such a case, the court may issue a *nunc pro tunc* order to correct the written judgment. Lane, ¶ 48. In Lane, the record revealed that the district court intended the treatment to be required, and this Court thus upheld the district court's *nunc pro tunc* order. Lane, ¶ 49.

¶27. Similarly, in this case, the record reveals that the District Court intended to impose the parole eligibility restriction. However, the original written judgment did not set forth the reasons for the restriction, which is an error that is readily apparent on the face of the judgment. The amended judgment is consistent with the oral pronouncement of judgment. It neither sets aside the original judgment nor changes what was originally ordered. Instead, in compliance with the statutes, the order merely set forth the court's reasons for imposing the restriction.

¶28. We additionally note, however, that even if the District Court did not have the authority to amend the written judgment to comply with § 46-18-115(6) and § 46-18-202(2), MCA, Christianson's appeal would nevertheless be rejected. As elaborated upon earlier, Christianson did not challenge the District Court's original judgment within 60 days as required by Rule 5(b), M.R.App.P. This Court would have no jurisdiction to entertain Christianson's argument that the District Court failed to articulate in its written judgment its reasons for restricting his parole eligibility.

¶29. We hold that the District Court had authority to issue an order amending the written judgment to list its reasons for imposing the parole eligibility restriction, in compliance with § 46-18-115(6) and § 46-18-202(2), MCA.

III.

¶30. Did the District Court impose the parole eligibility restriction for insufficient reasons, and thus abuse its discretion?

¶31. It is well settled that district courts are afforded broad discretion in sentencing criminal defendants. We will not overturn a court's sentencing decision, including

the imposition of parole eligibility restrictions, absent an abuse of discretion. <u>See</u> State v. Blake (1995) 274 Mont. 349, 351, 908 P.2d 676, 677 (citation omitted).

¶32. As pointed out earlier, at the oral pronouncement of the sentence, the District Court restricted Christianson's parole eligibility because of the heinous nature of the crime. It found that Christianson let his daughter die a painful death without showing any compassion.

¶33. When the District Court entered its order amending its prior judgment and commitment, it set forth three reasons for ordering Christianson be ineligible for parole. First, the court noted that the presentence investigation report recommended that Christianson be ineligible for parole. Second, it found that Christianson's crime was "particularly awful" and "savage." It found that Christianson had severed his three-year old daughter's intestine by severely striking her; that his daughter had died a slow death, because despite her repeated complaints of stomach pain, Christianson failed to give her medical attention; that Christianson had hit his daughter in a similar fashion in the past; and that Christianson was too busy playing video games and drinking beer to assist his daughter. Third, the District Court found that the genuineness of Christianson's alleged remorse and acceptance of responsibility was questionable. Allowing the small child to suffer for many hours before obtaining medical attention was a crime that shocked the conscience of the court. The court distinguished this case from similar offenses, and noted that this case was particularly unusual because in the court's experience, most people who have hit their child become immediately remorseful and seek medical attention for the child. Finally, the court noted that Christianson had a lengthy criminal history, consisting primarily of a string of DUI convictions.

¶34. Christianson argues that there were insufficient reasons for imposing the restriction, and that the District Court therefore abused its discretion. Christianson first contends that the rationale expressed by the District Court in its written order improperly exceeded the rationale expressed by the court at the oral pronouncement of sentence. Christianson asserts that according to this Court's decision in <u>Lane</u>, ¶ 40, where we held that the oral sentence is the legally effective sentence, this Court may not now consider the reasons articulated in the amended written judgment to the extent that they differ from the reasons articulated at the oral pronouncement. In particular, for example, he notes that although the District Court did not articulate Christianson's lack of remorse as a reason for imposing the restriction at the

sentencing hearing, the court articulated that as a reason in the amended judgment.

¶35. The State, in contrast, contends that this Court may consider all the reasons expressed by the District Court in its amended written judgment. The State notes that the two pronouncements of judgment are consistent. Regardless of the reasons given, Christianson's parole eligibility is restricted. The State also cites State v. Morrison (1993), 257 Mont. 282, 848 P.2d 514 and State v. Krantz (1990), 241 Mont. 501, 788 P.2d 298, and maintains that where the court has failed to sufficiently articulate its reasons in the judgment, but the record contains substantial evidence to support the district court's determination, the case is remanded to the district court for the purpose of making findings to support the determination. In this case, the State insists that the reasons expressed in the amended judgment are fully supported by the record, and upon remand the District Court was well within its authority to articulate all reasons for imposing the restriction.

¶36. At this time, however, we need not decide whether this Court can properly consider written reasons that expand the rationale articulated at the sentencing hearing. At both the oral pronouncement of sentence and in the amended written judgment, the District Court stated that it was imposing the parole eligibility restriction due to the brutal and callous nature of Christianson's crime. The heinous nature of the crime is sufficient reason alone for imposing the restriction.

¶37. In the past, this Court has upheld restrictions based at least in part upon the heinous nature of the crime. For example, in State v. Heit (1990), 242 Mont. 488, 791 P.2d 1379, this Court noted that the sentencing court set forth facts demonstrating the pointless and brutal nature of the crime. Although the trial court did not specifically articulate that the brutality of the crime distinguished it from other crimes, we stated that the "heinous nature" of the crime as evidenced by the facts specifically found by the trial court make the rational for the denial of parole eligibility obvious. Heit, 242 Mont. at 494, 791 P.2d at 1383-84.

¶38. Christianson emphasizes that at the sentencing hearing, the court failed to articulate his alleged lack of remorse as a reason for the restriction. He also cites Blake, 274 Mont. 349, 908 P.2d 676, and notes that the court never found he posed a danger to society. But this Court has never set forth a litmus test that must be met before the District Court may impose parole eligibility restrictions. We have never held that parole can be denied only in cases where the defendant poses a danger to

society or where the defendant lacks remorse. Instead, we have left that decision to the court's broad discretion based upon all the relevant facts.

¶39. In this case, the District Court recounted several facts and found that Christianson murdered his young daughter in a particularly brutal fashion. It thus concluded that parole restriction was warranted. This decision is left to the sound discretion of the District Court in light of all the evidence. The record supports the District Court's determination, and we will not substitute our judgment.

¶40. Finally, Christianson points to the court's statement at the sentencing hearing that it felt "somewhat as the representative of [Christianson's] now deceased child." Christianson contends that this statement indicates that the District Court became unduly partisan and failed to act as an objective judicial officer. We disagree. When viewed in the context of the entire proceeding, the court's comment simply underscores its conclusion that the heinous, brutal nature of the crime was sufficient reason alone to withdraw the privilege of parole eligibility. We hold that the District Court did not abuse its discretion when it imposed the parole eligibility restriction.

¶41. Based upon all the foregoing, we hold that the District Court's restriction of Christianson's parole eligibility complied with § 46-18-115(6), MCA and § 46-18-202 (2), MCA .

¶42. Affirmed.


/S/ WILLIAM E. HUNT, SR.


We Concur:


/S/ J. A. TURNAGE

/S/ W. WILLIAM LEAPHART

/S/ JIM REGNIER

No

/S/ TERRY N. TRIEWEILER