No. 00-740

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 226N

THE STATE OF MONTANA,

Plaintiff and Respondent,

v.

MITCHELL KENNEDY,

Defendant and Appellant.

APPEAL FROM: District Court of the Fourth Judicial District,

In and for the County of Mineral,

Honorable Ed McLean, Judge Presiding

COUNSEL OF RECORD:

For Appellant:

Kristina Guest, Appellate Defender's Office, Helena, Montana

For Respondents:

Honorable Mike McGrath, Attorney General; Tammy K. Plubell,

Assistant Attorney General, Helena, Montana

M. Shaun Donovan, County Attorney, Superior, Montana

Submitted on Briefs: September 27, 2001

Decided: November 15, 2001

Filed:

_____

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Pursuant to a plea agreement, Appellant Mitchell Todd Kennedy (Kennedy) pleaded guilty to mitigated deliberate homicide, felony assault and assault on a peace officer. The District Court sentenced Kennedy to the maximum possible sentence for each offense, including a ten-year weapons enhancement, for a total of seventy years imprisonment. Additionally, the court declared Kennedy ineligible for parole for 35 years. Kennedy appeals from imposition of parole ineligibility. We affirm.

¶3 We review imposition of sentences for legality. *State v. Montoya*, 1999 MT 180, ¶ 15, 295 Mont. 288, ¶ 15, 983 P.2d 937, ¶ 15. The standard of review on the legality of a sentence is *de novo* review. *Montoya*, ¶ 12. We determine whether the district court's interpretation of the law is correct. *Montoya*, ¶ 16.

¶4 Kennedy contends on appeal that, in violation of § 46-18-202(2), MCA, the court failed to adequately state the reasons why it imposed a 35-year parole ineligibility restriction against him.

¶5 The statutory provision in question provides as follows:

Whenever the sentencing judge imposes a sentence of imprisonment in a state prison for a term exceeding 1 year, the sentencing judge may also impose the restriction that the offender is ineligible for parole and participation in the

supervised release program while serving that term. If the restriction is to be imposed, the sentencing judge shall state the reasons for it in writing. If the sentencing judge finds that the restriction is necessary for the protection of society, the judge shall impose the restriction as part of the sentence and the judgment must contain a statement of the reasons for the restriction.

Section 46-18-202(2), MCA.

¶6 In *State v. Krantz* (1990), 241 Mont. 501, 505, 788 P.2d 298, 300-01, we observed that the rule requiring a court to state its reasons for a sentence complies with basic fairness and acknowledges the defendant's right to be informed of the reasons for the sentence. Further, the requirement facilitates review by this Court and its Sentence Review Division.

¶7 Kennedy argues that the District Court found that he was an alcoholic and condemned his parenting choices but stated no reasons related to his offense to justify restricting his parole eligibility for 35 years.

¶8 The State cites *State v. Christianson,* 1999 MT 156, 295 Mont. 100, 983 P.2d 909, where this Court, although not specifically reviewing the adequacy of the lower court's rationale for restricting parole eligibility, concluded in dicta that the record revealed the district court imposed the parole restriction because of the "brutal and callous" nature of the crime. The nature of the crime was sufficient reason to restrict parole eligibility.

¶9 In its judgment, the District Court in the matter now before us stated:

This Court finds that over the past seventeen (17) years the Defendant has made a conscious choice to consume alcohol to excess rather than spend time with and for the benefit of his daughter, as typified by his going to the local bar, and borrowing the weapons necessary to accomplish this homicide instead of spending time with this daughter upon learning of his wife's intention to leave him. The Court declines to promote that relationship by imposing a lenient sentence at the expense of the other considerations specified below. The Court further finds that any compulsive gambling problems suffered by the Defendant's wife and the victim of his homicide, Lavonne, are not grounds for him to indulge in self-pity or the excessive consumption of intoxicants, particularly when the Defendant had previously been enrolled in a 12-step alcohol treatment program and had the tools to cope with his chemical dependency problem.

With respect to the alcoholic blackout claimed by the Defendant, the Court would note that even taking the Defendant's testimony at face value, no sufficient explanation was offered for his failure to stop his truck when being chased by Deputy Bauer immediately subsequent to the homicide, nor for his failure to remain at the scene of the accident after crashing into a tree on the Cedar Creek Road.

The foregoing prison sentence, including the restriction on parole eligibility, is imposed for the following reasons:

1. The nature of the crimes involved, especially the homicide, require severe punishment.

2. The foregoing sentences do not impose an undue hardship upon the Defendant or his family.

3. The taking of a human life under the circumstances of this case requires the imposition of a drastic penalty.

¶10 We agree with the State. The District Court clearly imposed the parole eligibility restriction because the heinous nature of the crimes, especially the killing of Kennedy's wife, required "severe" and "drastic" punishment. The court also commented upon Kennedy's lack of regard for the safety of anyone who got in his way when, after repeatedly shooting his wife, he shot at an innocent bystander and pointed a weapon at a law enforcement officer; Kennedy's failure to stop his truck when being chased by Deputy Bauer immediately thereafter; and his failure to remain at the scene of the accident after crashing into a tree.

¶11 We hold that the District Court's stated rationale for imposing the parole eligibility restriction comports with the dictates of § 46-18-202(2), MCA. Affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY

/S/ TERRY N. TRIEWEILER

/S/ PATRICIA COTTER

/S/ JAMES C. NELSON