No. 01-894

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 186N

DAVID L. BLAKE,

        Petitioner and Appellant,

    v.

MIKE MAHONEY, Warden, and the
STATE OF MONTANA,

        Respondents.

APPEAL FROM:    District Court of the Tenth Judicial District,
                    In and for the County of Judith Basin,
                    The Honorable E. Wayne Phillips, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

        David L. Blake, Deer Lodge, Montana (*pro se*)

        For Respondents:

        Mike McGrath, Montana Attorney General, Pamela P. Collins, Assistant
Montana Attorney General; John P. Connor, Jr., Special Deputy Judith Basin
County Attorney, James A. Hubble, Judith Basin County Attorney, Stanford,
Montana

Submitted on Briefs: April 4, 2002

Decided: August 27, 2002

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. The decision shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2     David Blake (Blake) appeals the denials of his petitions for a writ of habeas corpus and, in the alternative, for postconviction relief by the Tenth Judicial District Court, Judith Basin County. We affirm.

¶3     We address the following issues on appeal:

¶4     1. Did the District Court err in denying the petition for a writ of habeas corpus?

¶5     2. Did the District Court err in denying the petition for postconviction relief?

## I. FACTUAL AND PROCEDURAL BACKGROUND

¶6     Blake was charged with and pled guilty to the deliberate homicide of Hobson rancher, Wayne Stevenson (Stevenson). Blake admitted that on or about March 27, 1994, he shot Stevenson with a .22 caliber rifle, buried Stevenson's body, and made a ransom call to his wife. The district court sentenced Blake to eighty years for the homicide and added ten additional years for the use of a weapon. The court ordered that the sentences run consecutively and that Blake be ineligible for parole or participation in a supervised release program. Judgment was entered on November 18, 1994.

¶7     Previous to this action, Blake directly appealed the judgment against him, arguing that the district court erred in denying him eligibility for parole or participation in a supervised release

program. We affirmed the trial court sentence, concluding that the court did not abuse its discretion in setting Blake's sentence. *State v. Blake* (1995), 274 Mont. 349, 353, 908 P.2d 676, 678.

¶8 On July 13, 2001, Blake filed in District Court the petitions at issue here: a petition for writ of habeas corpus or, in the alternative, a petition for postconviction relief. Blake argued that the ten-year sentence enhancement for the use of a weapon was improper under *Apprendi v. New Jersey* (2000), 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435, and that ineffective assistance of counsel induced him to plead guilty.

¶9 The District Court denied the petition for writ of habeas corpus on the grounds that the writ is not available to challenge the validity of a sentence when the person has been adjudged guilty in a court of record and exhausted the remedy of appeal. The court also denied the petition for postconviction relief on numerous grounds. Blake now appeals these denials.

## II. STANDARD OF REVIEW

¶10 This Court reviews conclusions of law integral to a trial court's dismissal of a petition for postconviction relief, as we review any other conclusion of law, to determine whether the conclusions are correct. *Dawson v. State*, 2000 MT 219, ¶ 18, 301 Mont. 135, ¶ 18, 10 P.3d 49, ¶ 18. We review a trial court's findings of fact regarding postconviction relief to determine whether the findings are clearly erroneous. *State v. Wright*, 2001 MT 282, ¶ 9, 307 Mont. 349, ¶ 9, 42 P.3d 753, ¶ 9; *State v. Sheppard* (1995), 270 Mont. 122, 127, 890 P.2d 754, 757.

## III. DISCUSSION

¶11 **1. Did the District Court err in denying the petition for a writ of habeas corpus?**

¶12 Under § 46-22-101(2), MCA, the writ of habeas corpus is not available to challenge a conviction or sentence of a defendant convicted in a court of record who has also exhausted their

remedy of appeal. *See also Rudolph v. Day* (1995), 273 Mont. 309, 311, 902 P.2d 1007, 1008. In this case, Blake was convicted in a court of record and he exhausted his remedy of appeal as demonstrated in *Blake*, 274 Mont. at 353, 908 P.2d at 678. Therefore, the District Court properly denied the writ of habeas corpus in concluding that the writ is not available to Blake.

¶13 **2. Did the District Court err in denying the petition for postconviction relief?**

¶14 Blake first asserts that under *Apprendi*, the trial court erred in adding an additional ten years to his sentence for the use of a weapon because the court did not submit the facts justifying this increased sentence to a jury. Blake next argues that his plea was involuntary due to ineffective assistance of counsel. He asserts his defense counsel failed to explain the difference between deliberate homicide and mitigated deliberate homicide and also led him to believe that he would be eligible for parole after five years.

¶15 The District Court held that Blake was time-barred from pursuing a petition for postconviction relief by the five-year statute of limitation and that the exception for newly discovered evidence of innocence did not apply to Blake because the exception only applied to actual, as opposed to legal, innocence. The court also held that Blake was procedurally barred from postconviction review because he did not raise these arguments in direct appeal and that *Apprendi* does not apply retroactively to Blake.

¶16 We have previously held that defendants convicted prior to April 24, 1997, are subject to a five-year statute of limitation in seeking postconviction relief. *Hawkins v. Mahoney*, 1999 MT 82, ¶ 10, 294 Mont. 124, ¶ 10, 979 P.2d 697, ¶ 10; § 46-21-102, MCA (1991). Therefore, Blake had until November 18, 1999, to file his petition, five years from the date judgment was entered against him. Blake filed the petitions at issue here on July 13, 2001. Consequently, Blake missed the deadline

4

and is time-barred from seeking postconviction relief.

¶17    The only exception to this statute of limitation is when there is a fundamental miscarriage of justice such that a jury could find, under new evidence, that the defendant is innocent of the crime. *State v. Redcrow*, 1999 MT 95, ¶¶ 33-37, 294 Mont. 252, ¶¶ 33-37, 980 P.2d 622, ¶¶ 33-37.  This is a narrowly interpreted exception that focuses on *actual* innocence.  *Redcrow*, ¶ 37; *see also State v. Nichols*, 1999 MT 212, ¶ 21, 295 Mont. 489, ¶ 21, 986 P.2d 1093, ¶ 21 (issues regarding sentence enhancement do not equate to "actual" innocence) *overruled on other grounds by State v. Whitehorn*, 2002 MT 54, 309 Mont.63, 50 P.3d 121.

¶18    In this case, Blake has not presented any evidence that he was actually innocent of the crime for which he pled guilty.  Blake's arguments regarding the sentence enhancement and ineffective assistance of counsel have nothing to do with his innocence.   In fact, like the sentence enhancement issue in *Nichols*, there is no dispute here regarding whether Blake used a weapon.  Further, Blake's argument that his counsel lead him to believe he would be paroled in five years has nothing to do with innocence.

**¶19**    In addition, while Blake asserts that his counsel failed to inform him of the difference between mitigated deliberate homicide and deliberate homicide, again, the distinction between the two does not involve actual innocence.  Rather, both types of crimes involve purposely or knowingly causing the death of another human being.  *Compare* § 45-5-102, MCA, and § 45-5-103, MCA. Therefore, we hold that the District Court's determination that Blake's arguments did not involve actual innocence is supported by substantial evidence.  Accordingly, there was no fundamental miscarriage of justice in this case that would fit the exception to the five-year statute of limitation. Consequently, the District Court was correct in deciding that postconviction relief is no longer

5

available to Blake. Because we hold that the District Court correctly determined Blake was time-barred and did not meet an exception to the time-bar, we do not consider the merits of the other grounds cited by the District Court.     **IV. CONCLUSION**

¶20     The District Court correctly determined that the writ of habeas corpus was not available to Blake and that Blake was time-barred from pursuing a petition for postconviction relief.

¶21     We affirm.

/S/ JAMES C. NELSON

We Concur:

/S/ JIM REGNIER
/S/ TERRY N. TRIEWEILER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE

6