DA 07-0139

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 133N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

CURTIS J. CHRISTIANSON,

      Defendant and Appellant.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. BDC 96-282
Honorable Jeffrey M. Sherlock, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Curtis J. Christianson, Pro Se, Deer Lodge, Montana

      For Appellee:

          Hon. Mike McGrath, Attorney General; Mark W. Mattioli, Assistant
Attorney General, Helena, Montana

          Leo Gallagher, Lewis and Clark County Attorney; Lisa Leckie, Deputy
County Attorney, Helena, Montana

Submitted on Briefs:  March 12, 2008

Decided:    April 22, 2008

Filed:

_____
                        Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Curtis J. Christianson (Christianson) appeals the District Court's order denying his motion to take judicial notice, reopen his case, and for an evidentiary hearing. We affirm.

¶3 The State charged Christianson with deliberate homicide in 1996 for the death of his three-year-old daughter. The District Court denied Christianson's motion to suppress various statements that he made to law enforcement regarding the death of his daughter. Christianson eventually entered a plea of guilty to an amended charge of mitigated deliberate homicide. The court accepted Christianson's guilty plea and imposed a 40-year sentence at Montana State Prison with ten years suspended. The District Court further declared Christianson ineligible for parole.

¶4 Christianson applied for a sentence review and the Sentence Review Division remanded to the District Court to provide reasons for the parole restrictions. The District Court amplified its reasons on remand for the parole restrictions, including Christianson's lengthy criminal history, evidence of his lack of remorse, and the brutal nature of the crime. We affirmed Christianson's parole restriction in *State v. Christianson*, 1999 MT 156, 295 Mont. 100, 983 P.2d 909. Christianson nevertheless filed a motion to amend his sentence and for postconviction relief for habeas relief in December 2001. The District Court denied

the motion and we affirmed on appeal on the basis that Christianson's claim was time barred and that the fundamental miscarriage of justice exception did not apply when Christianson was not actually innocent. *State v. Christianson*, 2002 MT 194N, 312 Mont. 524, 55 P.3d 419.

¶5 Christianson filed a motion to reopen his case in December 2006 and for an evidentiary hearing, relying upon our decision in *Lott v. State*, 2006 MT 279, 334 Mont. 270, 150 P.3d 337. The District Court denied Christianson's motion on the basis that *Lott* did not apply where Christianson's claim did not involve a facially invalid sentence similar to the one construed in *Lott*. Christianson appeals.

¶6 Christianson relies largely upon our holding in *Lott*. In *Lott*, we held a one-year time bar on the filing of habeas petitions to be unconstitutional when applied to a facially invalid sentence. *Lott*, ¶ 22. The State points out that Christianson's sentence does not suffer from the same facial invalidity as the sentence in *Lott*. The State further contends that Christianson's claim is waived, time barred, and barred by the doctrine of res judicata.

¶7 We review a criminal sentence for legality only; that is, whether the sentence falls within the statutory parameters. See *State v. Kotwicki*, 2007 MT 17, ¶ 5, 335 Mont. 344, ¶ 5, 151 P.3d 892, ¶ 5. We review the district court's legal conclusions for correctness. *Sands v. Town of West Yellowstone*, 2007 MT 110, ¶ 15, 337 Mont. 209, ¶ 15, 158 P.3d 432, ¶ 15 (citations omitted).

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2003, that provide for memorandum opinions.

3

It is manifest on the face of the briefs and record before us that settled Montana law controls the outcome. The District Court correctly distinguished our decision in *Lott* on the basis that Christianson did not receive a facially invalid sentence. We affirm.

/S/ BRIAN MORRIS

We Concur:

/S/ PATRICIA COTTER
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE