FILED

October 20 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0286

DA 15-0286

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 305N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

NICOLE GUILL,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Twentieth Judicial District,
In and For the County of Sanders, Cause No. DC 06-55
Honorable Deborah Kim Christopher, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Nicole Guill (self-represented); Billings, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Jonathan M. Krauss,
Assistant Attorney General; Helena, Montana

          Robert L. Zimmerman, Sanders County Attorney; Thompson Falls,
Montana

Submitted on Briefs:  September 16, 2015
Decided:  October 20, 2015

Filed:

                        Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Nicole Guill ostensibly appeals from the judgment of the Twentieth District Court, Sanders County, finding her guilty of sexual intercourse without consent, sexual intercourse without consent by accountability, and incest by accountability. She raises various claims relating to her trial, her charges, and also a claim of ineffective assistance of trial counsel. Although this is one of the more factually bizarre cases to come before this Court, it is unnecessary to recount the underlying substance as the instant appeal may be resolved on procedural grounds. We affirm.

¶3 On May 23, 2008, after a jury trial, Guill was found guilty of the above charges for her unlawful sexual actions and her role in Douglas Guill's unlawful sexual actions. She was subsequently sentenced to three concurrent terms of twenty-five years at the Montana Women's Prison with ten years suspended. Included in her sentence were various terms and conditions imposed by the District Court. Of those terms and conditions, the District Court ordered that there be no contact between Guill and Douglas, unless needed for treatment and rehabilitation purposes and deemed necessary by her therapist, and also ordered Guill to make restitution payments to the victim in the case.

¶4     The District Court entered the final judgment on November 26, 2008, which memorialized the terms of the sentence given to Guill by oral order at her prior sentencing hearing. On January 26, 2009, Guill filed a notice of appeal with this Court. On appeal Guill raised two issues relating to her sentence. She argued the condition relating to her restitution payments was illegal and the restriction disallowing contact with Douglas was unreasonable. On July 1, 2009, pursuant to this Court's order the District Court entered an amended judgment, which reflected the suspension of certain restitution payments and fees pending the outcome of Guill's appeal. On March 1, 2011, we rendered our opinion on her appeal. In our opinion we affirmed the District Court's no contact restriction and remanded the issue of restitution to the District Court to perform a definitive calculation of the amount Guill owed to the victim. *See State v. Guill*, 2011 MT 32, 359 Mont. 225, 248 P.3d 826.

¶5     On February 7, 2012, after conducting an evidentiary hearing, the District Court entered a second amended judgment that reflected the specific monetary amounts Guill was ordered to pay in restitution and fees. On April 25, 2012, upon motion by the State, the court entered a third amended judgment that reflected an increased restitution amount, due to an apparent error identified in the second amended judgment. On June 18, 2014, Guill filed a petition for writ of habeas corpus in front of this Court. In it she requested her judgment reflect her pre-sentence jail time served. This Court granted her request on August 5, 2014, and remanded the issue to the District Court for a calculation of the amount of time served to be credited toward Guill's sentence. After somewhat of a delay, the District Court entered a fourth amended judgment on April 9, 2015, which

3

reflected the additional days Guill would receive as credit for time served in jail prior to her sentence.

¶6 By statute "an appeal may be taken by the defendant only from a final judgment of conviction and orders after judgment which affect the substantial rights of the defendant." Section 46-20-104, MCA. A "judgment" is "an adjudication by a court that the defendant is guilty or not guilty, and if the adjudication is that the defendant is guilty, it includes the sentence pronounced by the court." Section 46-1-202(11), MCA. The defendant is given 60 days after the entry of judgment from which the appeal is taken to file an appeal with this Court. M. R. App. P. 4(5)(b)(i). The judgment from which the defendant appeals must be considered final for the purposes of appellate review. Section 46-20-104, MCA. A judgment is final if it "conclusively determines the rights of the parties and settles all claims in controversy in an action or proceeding . . . ." M. R. App. P. 4(1)(a). Therefore, the 60-day period wherein a defendant may appeal a judgment begins only when the final judgment is entered in the case. After the expiration of the 60-day period this Court no longer has jurisdiction to hear a defendant's appeal. *State v. Christianson*, 1999 MT 156, ¶ 12, 295 Mont. 100, 983 P.2d 909.

¶7 Under certain circumstances it is necessary for a district court to amend a final judgment. We have held previously that the correction of a judgment is available in circumstances such as clerical error or upon remand after appellate review. *Christianson*, ¶ 23. However, generally, res judicata and the law of the case doctrine foreclose the opportunity for a defendant to reopen issues in a new appeal when a decision on an issue on appeal (or as in this case a lack of decision due to a failure to

4

raise the issue) has been made. *State v. Holliday*, 183 Mont. 251, 256, 598 P.2d 1132, 1135 (1979). Thus, a judgment's amendment does not start the 60-day period anew for all issues contained in the original, final judgment. Simply, a defendant has 60 days to appeal known issues contained in the original final judgment. Barring extraordinary circumstances, upon day 61 any issues not yet appealed become unappealable.

¶8 For the purposes of Guill's appeal her judgment became final when the District Court entered the judgment on November 26, 2008; this is the date at which the period to appeal began to toll. After this date Guill properly filed an appeal of her judgment and properly raised issues in regard to her sentence. This Court then properly rendered an opinion on the issues raised in her appeal. Despite having the opportunity to do so, at no time did Guill raise the issues she now raises in this current appeal. The subsequent activity in her case and various amendments to her original judgment reflect issues related to restitution and credit for jail time served pre-sentence, neither of which Guill now appeals. Furthermore, the amendments made by the District Court to the judgment were done so in direct relation to Guill's activities before this Court—her original appeal and her habeas corpus petition. At no point was the original judgment set aside in its entirety nor were the terms of the judgment she now appeals amended in such a way that would give rise to a new time period for appellate review.

¶9 Had Guill raised the issues now included in her current appeal in her original appeal we would have addressed their validity. However, because more than 60 days have most certainly passed since the date when Guill's judgment became final on November 26, 2008 it is unnecessary to address their merits. If Guill had raised an issue

5

regarding the credit she received for the pre-sentence jail time she served in this current appeal we would have been able to address such an issue. However, she did not and there are no remaining issues for which this Court has jurisdiction to review. Therefore, Guill's final judgment is affirmed.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶11 Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JIM RICE