No. 03-619

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 118N

DAVID L. BLAKE,

Petitioner and Appellant,

v.

STATE OF MONTANA,

Respondent and Respondent.

APPEAL FROM:     District Court of the Tenth Judicial District,
In and For the County of Judith Basin, Cause No. DC 94-457,
Honorable E. Wayne Phillips, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

David L. Blake, pro se, Deer Lodge, Montana

For Respondent:

Honorable Mike McGrath, Attorney General; Pamela P. Collins, Assistant
Attorney General, Helena, Montana

John P. Connors, Assistant Attorney General and Special Deputy County
Attorney, Helena, Montana

James A. Hubble, County Attorney, Stanford, Montana

Submitted on Briefs:  January 27, 2004

Decided:  May 4, 2004

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 David L. Blake appeals from the Tenth Judicial District Court's order denying him postconviction relief.

¶2 Pursuant to Section I, Paragraph 3(d)(i), Montana Supreme Court 1996 Internal Operating Rules (Memorandum Opinions), we determine that the legal issues raised in this appeal are clearly controlled by settled Montana law. Further, pursuant to Section I, Paragraph 3(d)(v), the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶3 In 1994, Blake was charged with deliberate homicide for killing his employer, Wayne Stevenson. Blake entered a plea agreement, whereby he pled guilty and in return, the State agreed not to recommend a sentence of death or to introduce evidence of aggravating circumstances that would support an imposition of the death penalty. Blake was then sentenced to eighty years in prison for deliberate homicide, plus ten years in prison for the use of a weapon.

¶4 Blake appealed the sentence, and we affirmed. *State v. Blake* (1995), 274 Mont. 349, 908 P.2d 676. In 2001, Blake petitioned the District Court for a writ of habeas corpus and for postconviction relief. The District Court denied both claims because Blake had been adjudged guilty in a court of record and had exhausted his appeal so the writ was not

2

available, and Blake's petition for postconviction relief was time-barred under § 46-21-102, MCA. Blake appealed, and we affirmed. *Blake v. Mahoney*, 2002 MT 186N.

¶5 In 2003, Blake filed with the District Court a "Motion to Correct Unconstitutional Err in Sentencing and a Order to Re-sentence Defendant Pursuant to the Latest Montana Supreme Court Decision on the Issue." Blake claimed his sentence was unconstitutionally harsh owing to an inference of his lack of remorse. Blake's motion was denied because the authority on which he relied specifically allowed an increased sentence for a lack of remorse, except in the narrow circumstance where the defendant had continued to maintain his innocence. *State v. Shreves,* 2002 MT 333, ¶ 21, 313 Mont. 252, ¶ 21, 60 P.3d 991, ¶ 21. The District Court found that *Shreves* did not apply because Blake had not maintained his innocence, rather he had pled guilty.

¶6 As a collateral attack on his sentence, Blake's "motion" falls within our statutes on postconviction relief. Section 46-21-103, MCA. Blake's first petition for postconviction relief was time-barred. Since then, only more time has elapsed. This, Blake's second attempt at postconviction relief, is also time-barred. Section 46-21-102, MCA.

/S/ W. WILLIAM LEAPHART

3

We concur:


/S/ JOHN WARNER
/S/ JIM REGNIER
/S/ PATRICIA O. COTTER
/S/ JIM RICE