FILED

03/06/2018

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0767

DA 16-0767

IN THE SUPREME COURT OF THE STATE OF MONTANA

2018 MT 41N

STATE OF MONTANA,

        Plaintiff and Appellee,

   v.

JOEL ST. GERMAIN,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
                    In and For the County of Ravalli, Cause No. DC-03-159
                    Honorable Jeffrey H. Langton, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Joel St. Germain, Self-Represented, Deer Lodge, Montana

        For Appellee:

                Timothy C. Fox, Montana Attorney General, Tammy K Plubell, Assistant
                Attorney General, Helena, Montana

                William Fulbright, Ravalli County Attorney, Hamilton, Montana

Submitted on Briefs:  February 7, 2018

Decided:  March 6, 2018

Filed:

_____
                       Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Joel St. Germain (St. Germain) appeals pro se from the Twenty-First Judicial District Court's denial of his motion requesting good time credit be applied to his sentence. We affirm.

¶3 On October 21, 2003, St. Germain was charged by Information with four counts of incest and four counts of sexual intercourse without consent. The Information alleged these crimes occurred between June 1998 and May 2003. In June 2004, a jury convicted St. Germain of all eight counts. On November 4, 2004, St. Germain was sentenced to a 100-year commitment to the Montana State Prison with twenty-five years suspended on each of the eight counts, with each count to run concurrently with the others.

¶4 St. Germain appealed his conviction, and this Court affirmed it on February 6, 2007. *State v. St. Germain*, 2007 MT 28, 336 Mont. 17, 153 P.3d 591. St. Germain filed a petition for postconviction relief, which was dismissed by the District Court on March 17, 2011. This Court affirmed the dismissal on April 17, 2012. On September 8, 2015, St. Germain applied for review of his sentence. On November 12, 2015, the Sentence Review Division denied his late application. On November 7, 2016, St. Germain filed a

nunc pro tunc motion. On November 15, 2016, the District Court denied St. Germain's motion. St. Germain appeals to this Court, arguing he is entitled to good time credit pursuant to § 53-30-105, MCA.

¶5 We review a district court's decision on a nunc pro tunc order for abuse of discretion. *State v. Winterrowd*, 1998 MT 74, ¶¶ 14, 17, 288 Mont. 208, 957 P.2d 522. The purpose of a nunc pro tunc order to modify or amend a judgment is to make the record reflect what was actually decided and intended by the district court. *Winterrowd*, ¶ 14. The alleged error "must be apparent on the face of the record to insure that the correction does not in effect set aside a judgment actually rendered nor change what was originally intended." *Winterrowd*, ¶ 14 (quoting *State v. Owens*, 230 Mont. 135, 138, 748 P.2d 473, 474 (1988)).

¶6 Before it was repealed in 1997, § 53-30-105, MCA, enabled an inmate to receive good time allowances that operated as a credit toward his or her sentence. St. Germain argues he should be given good time credit because the Information, jury's Verdict, and District Court judgment all note that he began sexually abusing his step-daughter when she was eleven years old, which would have been in 1994 and before § 53-30-105, MCA, was repealed. Therefore, St. Germain argues § 53-30-105, MCA, applies in his case. However, St. Germain was never charged for an offense that occurred prior to 1998. In the Information filed on October 21, 2003, the State lists the charges against St. Germain. The earliest date listed is on "or about or between June 1, 1998 and August 31, 1998." Section 53-30-105, MCA, does not apply in St. Germain's case because it was repealed before St. Germain was even charged. The District Court clearly intended to include

3

information regarding St. Germain's step-daughter's age for purposes of giving context to the actual charged offenses, and not to support non-existent 1994 charges. The District Court did not abuse its discretion when it denied St. Germain's nunc pro tunc motion.

¶7      We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶8      Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ JIM RICE
/S/ DIRK M. SANDEFUR
/S/ BETH BAKER
/S/ LAURIE McKINNON