FREDERICKS, respondent, *v.* DAVIS, appellant.

PARTITION — *Order at subsequent term by another judge modifying final judgment.*— Where, in an action for partition and sale of property, the court, after sale, has made a final order distributing the proceeds, an order made at a subsequent term by a different judge modifying such order of distribution, upon a motion without a trial by judge or jury, and giving a personal judgment against one of the parties, is illegal, and a mere nullity.

EVIDENCE — *Judicial notice* — *Term of court* — *Modifying order made after term.*— Where a motion to set aside and modify an order has been made at the term at which the order sought to be modified was made, but no order is made upon such motion until a subsequent term of the court, the appellate court will, although this last does not appear on the record, take judicial notice of the date of the making of such order.

*Appeal from First District, Gallatin County.*

ACTION for partition and sale. Judgment for modifying final decree. Defendant appeals.

VIVION & SHELTON, for the appellant.

HENRY N. BLAKE, for the respondent.

GALBRAITH, J. This is an appeal from a judgment or final order of the court setting aside and modifying a former judgment entered about two years prior to the rendition of this judgment or order. The action was one of title to and partition of real estate, and it was adjudged and decreed, after trial, that each of the parties was the owner of an undivided one-half interest in the property, and the sheriff, who was also appointed referee, was ordered to sell the same, bring the proceeds of the sale into court, and make a report of his proceedings. This decree also provided that the proceeds of the sale, after being so paid into court, should be applied under its direction. This decree was rendered on the 19th day of May, 1877. There was an appeal from the judgment to the supreme court of the territory, where it was affirmed, and from thence to the supreme court of the

United States, where it was also affirmed.   The *remittitur* from the supreme court of the United States ordered that the proceedings be had in accordance with the judgment rendered in the district court, whereupon, on the 25th day of June, 1883, it was ordered that the property should be sold on the 4th day of August, 1883, and that in all other respects the judgment of the court should be fully executed. The property was sold as directed, and on the 22d day of August, 1883, the proceeds were paid into court, and the referee made his report.   On the 27th day of May, 1884, the court made an order in which it was determined what amount of the proceeds was due to each of the respective parties, also ordering the clerk to pay the same, and take receipts therefor, whereupon he should be released and discharged from further liability.   This was done.   The clerk then filed his statement of settlement, showing the final adjustment and settlement appertaining to the above order of distribution.   Afterwards, on the 16th day of June, 1884, a motion was made by the respondent asking the court to set aside and modify the above order of distribution.   On the 5th of April, 1886, the court sustained this motion, and made an order setting aside and modifying the foregoing order of distribution, made on the 27th day of May, 1884.   This order also recited that the appellant had received a certain sum in excess of his share of the proceeds of the sale, and it further ordered and adjudged that the respondent " do have and recover of and from the " appellant the amount of this excess, specifying the sum, " and that execution issue therefor."

This last order or judgment purports to set aside and modify the former order of the court distributing the money resulting from the sale.   It has already been held by this court on a preliminary motion, that this last order or judgment was a final judgment.   *Fredericks* v. *Davis, ante,* p. 457.   But whether we view it as a final judgment or an order made after a final judgment, it is an appealable order or judgment, and will be deemed to be excepted to

without a formal exception. R. S. Mont. p. 120, § 408, div. 1; id. p. 91, § 280. We must therefore consider the question presented for our determination, which is, whether or not the court had authority to make this last order or judgment, setting aside and modifying the order of distribution made the 27th day of May, 1884.

This court has also already determined, as will appear by reference to the foregoing decision in *Fredericks* v. *Davis*, *supra*, that the decree made on the 19th day of May, 1877, was not the final judgment. It was there said that " the decree made on the 19th day of May, 1877, in terms provided that the money realized by a sale should be paid into the court, to be applied under the directions of the court. Such an order is not a final judgment." After the sale by the referee, and the payment of the proceeds into court, and the making of the required report, the court made the order of distribution of 27th May, 1884, indicating the amount to which each of the parties was entitled, and ordering the payment thereof by the clerk, upon which he was released from any further liability. This was the final judgment. It was the final determination of the rights of the parties in the action. R. S. p. 81, § 230. It was not required, as claimed by the respondent, that there should have been notice to her of this order, for the court already had jurisdiction of the parties. The motion to set aside and modify this order was made at the same term of court as the foregoing order of distribution of 27th of May, 1884. But the order itself was not made until April 2, 1886, and at a subsequent term of the court. Although the record does not state this fact, nevertheless it is something of which this court will take judicial notice. This court appoints the terms of the district courts of the respective judicial districts. The record also shows that each of these judgments was rendered by a different judge. Nearly two years and three terms of court had intervened between this order and the order of distribution rendered in May, 1884. At this time the court had ceased to have control over this last-

named judgment, and could not set aside or modify it on motion. As a general rule, a court has no power over its judgments or decrees after the term at which they have been rendered, and finally disposed of, has passed.

"But neither a final judgment nor a final decree, pronounced upon a hearing on the merits, can be set aside after the term, upon motion, for any error into which the court may have fallen. The law does not permit any judicial tribunal to exercise a revisory power over its own adjudications after they have in contemplation of the law passed out of the ' breast of the judges.' " Freem. Judgm. (2d ed.) § 101. See, also, *Bank of U. S.* v. *Moss*, 6 How. 31; *Jackson* v. *Ashton*, 10 Pet. 480; *Casement* v. *Ringgold*, 28 Cal. 335.

It will be observed that this order contains a "judgment" in the nature of a personal judgment against the appellant, for an amount stated to be "in excess of his share of the proceeds" received under the first order of distribution. It was certainly an extraordinary and arbitrary exercise of judicial authority to render such a judgment simply upon a motion, without a trial either by court or jury, and order execution to be issued thereon. The judgment is illegal and a mere nullity. Whether, then, we view this order or judgment appealed from, as made by Pollard, J., as a judgment, or as an order made after a final judgment, it has no validity. The order of the 27th of May, 1884, is the final judgment in the action and must stand as it was rendered.

The judgment or order appealed from is reversed and these proceedings dismissed.

*Judgment reversed.*

WADE, C. J., and BACH, J., concur.