FILED

01/26/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 18-0671

DA 18-0671

# IN THE SUPREME COURT OF THE STATE OF MONTANA

2021 MT 17N

STATE OF MONTANA,

      Plaintiff and Appellee,

   v.

LEONARD VILLA,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Ninth Judicial District,
In and For the County of Glacier, Cause No. DC 17-51
Honorable Robert G. Olson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Chad Wright, Appellate Defender, Kristen L. Peterson, Assistant Appellate
Defender, Helena, Montana

      For Appellee:

          Austin Knudsen, Montana Attorney General, Roy Brown, Assistant
Attorney General, Helena, Montana

          Terryl T. Matt, Glacier County Attorney, Joseph Sherwood, Deputy County
Attorney, Cut Bank, Montana

Submitted on Briefs:  December 30, 2020

Decided: January 26, 2021

Filed:

                   _____
                             Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Defendant and Appellant Leonard Villa (Villa) appeals from the Findings of Fact, Conclusions of Law & Judgment entered May 17, 2018, and the subsequent sentencing Judgment filed October 3, 2018, by the Ninth Judicial District Court, Glacier County. We affirm in part, reverse in part, and remand for correction of the typographical error contained in the Judgment finding Villa guilty of Count One rather than Count Five; removal of conditions 1 through 34 applying conditions to any suspended portion of Villa's sentence; and to establish a record as to whether the time served noted in the Judgment is correct, or alternatively, to create a record and properly determine the correct credit for time served.

¶3     Villa was charged with eight felony offenses in connection to the theft of two Ford trucks and other items from Fugle Welding in Cut Bank. Count One alleged theft of a 2014 Ford F-450 pickup in violation of § 45-6-301(1), MCA. Count Five alleged an identical theft charge of a 2009 Ford F-350 pickup. Kenneth Salois was also charged in a companion criminal matter. Without objection, Villa's and Salois's criminal cases were jointly tried via a bench trial.

¶4     Following the bench trial on April 3, 2018, the District Court issued its written Findings of Fact, Conclusions of Law & Judgment. The court's Findings of Fact detailed the evidence which the court used to find Villa guilty of the theft of the 2009 Ford F-350 pickup. In Conclusion of Law 1, the District Court concluded, "The State of Montana has proven beyond a reasonable doubt that Villa purposely or knowingly obtained or exerted unauthorized control over property of the owner with the purpose of depriving the owner of the property. Said property was of a value in excess of $1,500, to-wit: 2009 Ford F-350 Super Duty Pickup VIN#1FDWW37R19EB02742." The District Court adjudged, "It is the Judgment of this Court that the Defendant, Leonard Villa, is GUILTY of Count I [sic][1], THEFT, a felony. The Court finds him NOT GUILTY of the remaining offenses."

¶5     Villa asserts his conviction for Count One—theft of the 2014 Ford F-450 pickup—should be overturned based on insufficiency of the evidence and the District Court's determination that Villa was not guilty of Count Five—theft of the 2009 Ford F-350 pickup—remain such that the sentencing Judgment should be vacated and the case remanded to the District Court for dismissal. Villa asserts he was acquitted of Count Five and, citing *Evans v. Michigan*, 568 U.S. 313, 133 S. Ct. 1069 (2013), contends such acquittal cannot be reviewed without violating his constitutional right against double jeopardy.

---

[1] The District Court erroneously stated Villa was convicted of Count One—theft of the 2014 Ford F-450 pickup—rather than Count Five—theft of the 2009 Ford F-350 pickup.

¶6     The State asserts this case should be remanded for entry of an amended judgment fixing the clerical error to reflect Villa's conviction to Count Five, rather than Count One. Based on the court's findings of fact and conclusions of law, Villa was not acquitted— meaning a finding that the State's proof was insufficient to establish criminal liability for the offense—of the Theft of the Ford F-350 pickup, but rather the District Court merely made a typographical error in the written judgments referring to the theft of the Ford F-350 pickup as Count One rather than its proper designation as Count Five.  The State asserts Villa's reliance on *Evans* is misplaced as Villa was not "acquitted" of the theft of the Ford F-350 pickup—there was not a finding by the District Court of insufficient evidence to establish criminal liability for this theft and indeed the District Court made findings Villa was guilty of committing this offense.  The State seeks issuance of an amended judgment which reflects the facts and law that the District Court already decided which does not violate Villa's right against double jeopardy.  We agree with the State.

¶7     From our review of the record, it is clear the District Court adjudged Villa to be guilty of theft of the Ford F-350 pickup, but erroneously referred to that as "Count One" rather than "Count Five" in its Judgments.  The District Court's Findings of Fact and Conclusions of Law clearly indicate the court's determination that "Villa purposely or knowingly obtained or exerted unauthorized control over property of the owner with the purpose of depriving the owner of the property.  Said property was of a value in excess of $1,500, to-wit: 2009 Ford F-350 Super Duty Pickup VIN#1FDWW37R19EB02742."  The court's findings and conclusions specifically find Villa guilty of committing the theft of the Ford F-350 pickup and specifically acquitting Villa of committing the theft of the Ford

4

F-450 pickup—finding insufficient evidence to establish criminal liability for the theft of the Ford F-450 pickup. It is clear and obvious that the judgments contain a clerical or scrivener's error referencing Count Five as Count One. The court has inherent power to correct clerical errors in its own judgments to correct an error that is apparent on the face of the record so long as such does not set aside a judgment actually rendered nor change what was originally intended. *State v Megard*, 2006 MT 84, ¶ 19, 332 Mont. 27, 134 P.3d 90; *State v. Owens*, 230 Mont. 135, 138, 748 P.2d 473, 474 (1988); § 46-18-116(3), MCA. "The law does not permit a court to exercise a revisory power over its own adjudications after they have, in contemplation of the law, passed out of the 'breast of the judges.'" *Megard*, ¶ 19 (quoting *Fredericks v. Davis*, 6 Mont. 460, 463, 13 P. 125, 127 (1887)). Here, correcting the clerical error does not set aside the judgment actually rendered in application of the facts to the law as passed "out of the breast of the judge[]" but rather imposes that judgment and what was actually intended.

¶8     Villa next asserts that if we permit amendment of the judgments as advocated by the State, there was insufficient evidence for the District Court to convict him of the theft of the Ford F-350 pickup. We are not persuaded by this argument. We review claims of insufficiency of the evidence to determine if, after reviewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *State v. Fleming*, 2019 MT 237, ¶ 12, 397 Mont. 345, 449 P.3d 1234 (citing *State v. Yuhas*, 2010 MT 223, ¶ 7, 358 Mont. 27, 243 P.3d 409). From our review of the record, the circumstantial evidence, although perhaps susceptible to two interpretations—one establishing guilt and one supporting acquittal—was sufficient

5

to support the District Court's finding Villa knowingly obtained or exerted unauthorized control over the Ford F-350 pickup (valued at over $1,500) with the purpose of depriving the owner of the pickup. The State entered a surveillance video showing Villa in the stolen Ford F-350. Co-defendant Salois and witness Daniel Framness implicated Villa in stripping and selling custom equipment off the Ford F-350 pickup. Evidence was presented Villa transferred items from a different stolen vehicle into the Ford F-350, indicating his possession and control over the Ford F-350. Villa, without prompting, connected himself to Salois—who admitted his role in the vehicle thefts and thefts of other items from Fugle Welding—upon his arrest and booking into the jail. The District Court could reasonably infer Villa's unauthorized possession and control over the Ford F-350 pickup and intent to deprive the owner of the pickup from this evidence. *See State v. Kelley*, 2005 MT 200, ¶ 21, 328 Mont. 187, 119 P.3d 67.

¶9 Alternately, Villa asserts that if we affirm his conviction, the District Court erred in the written sentencing judgment by imposing 34 conditions applicable to any suspended portion of his sentence and also erred in calculating the time he should have been credited for time-served. At sentencing, the District Court specifically stated, "[s]ince no time is suspended, I don't need to put any conditions of suspended sentence." The District Court then included 34 conditions of suspended sentence in its written order. The State concedes it is appropriate to remand this case to the District Court to strike the 34 conditions of suspended sentence from the sentencing Judgment to conform the Judgment with the oral pronouncement of sentence. We agree and so remand.

¶10   With regard to Villa's claim related to the court's time-served calculation, he asserts he was arrested on August 14, 2017, on the charges involved in this case and remained in custody until his sentencing on August 28, 2018, with the exception of a several week period where he was accidentally released from jail.  The District Court credited Villa with 277 days credit based on the PSI report.  Villa asserts the time-served credit contained in the PSI report was inaccurate and the record does not explain the PSI time-served credit, when Villa was accidentally released from jail, and when he was re-arrested.  The State agrees the record is insufficient in this regard.  As such, we remand this matter to the District Court to establish a record as to whether the time served noted in the Judgment is correct, or alternatively, to create a record and properly determine the correct credit for time served.

¶11   We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶12   Affirmed in part, reversed in part, and remanded for action consistent with this Opinion.

/S/ INGRID GUSTAFSON

We concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ JIM RICE

7